The Honorable Peggy Newlon Jeffries State Senator 1122 South Waldron Road, Suite C Fort Smith, Arkansas 72903
Dear Senator Jeffries:
This is in response to your request for an opinion on whether it is legal for the "Arch Ford Educational Services Cooperative" to offer contracts to teachers that do not conform to the intent of Act 917 of 1995. Specifically, you note that Act 917 sets a minimum base salary for all teachers in Arkansas. The act defines "teacher" as including "any full-time employee of a local public school district who is compelled by law to secure a license from the State Board of Education as a condition precedent to employment in a position in or related to grades prekindergarten through twelve (preK-12) of the public schools of this state." A.C.A. § 6-17-1001(n) (Supp. 1995). You also note that teachers in twelve local School District Cooperative Vocational-Technical Centers receive salaries in accordance with Act 917 of 1995, but in the North Central Vocational Technical Center of the Arch Ford Education Service Cooperative, the teachers receive three to five thousand dollars less per year than Act 917 prescribes.
You state that the superintendents of the participating schools make up the membership of the Arch Ford Education Service Cooperative Board of Trustees, and this Board is given an amount of money from the Arkansas Department of Education to operate the vocational-technical program. (See, e.g., Acts 1997, No. 1362, § 32, Item 01.) The Cooperative Board then hires the teachers at a salary dictated by whatever the market will bear. You thus pose the question of whether it is legal for the Arch Ford Educational Services Cooperative to offer contracts to teachers that do not conform to the intent of Act 917.
It is my opinion that the answer to your question is "no," it is not legal, and the contracts offered and entered into with teachers who are employees of an "educational service cooperative"[1] must comply with the minimum salary requirements for teachers in the public school districts in this state. I reach this conclusion, however, not based upon any definition of the word "teacher" in Act 917, but rather upon a separate statute enacted in 1985. Section 6-13-1011 of the Arkansas Code provides:
 (a) Personnel of education service cooperatives shall be employed in accordance with laws, rules, regulations, and procedures applicable to the school districts of this state.
 (b) Certificate requirements shall be the same as those expected of persons holding similar positions in local school districts.
 (c) Termination or contract nonrenewal of education service cooperatives personnel shall be as provided by law for the school district personnel.
"Personnel" of "education service cooperatives" must therefore be "employed in accordance with laws . . . applicable to the school districts of this state." In my opinion this language is broad enough to include the minimum salary requirements of Act 917 of 1995.[2] I have found no provision of that act which negates the applicability of A.C.A. § 6-13-1011, nor has my research disclosed any more recent law affecting this conclusion.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I assume, from the facts stated in your request, that the "teachers" in question are employees of an educational service cooperative. If this is in fact not the case, the analysis and conclusions in this opinion are not applicable.
[2] It should be noted that the minimum salary requirements of Act 917 of 1995 are amended by Act 802 of 1997, effective August 1, 1997.